FRANKS *v.* FRANKLIN FIRE INS. CO.*

(Division B. March 5, 1928.)

[115 So. 786. No. 26981.]

APPEAL AND ERROR. *On motion to reinstate cause on appeal, appellant must make showing of probable error; on motion to reinstate cause on appeal, counsel's statement that he has meritorious ap-*

*peal is not alone sufficient; on motion to reinstate cause on appeal, grounds of error must be set forth, with sufficient facts, verified by affidavit, to show how question arose in trial court, and its purtenance to issues involved (supreme court rule 18).*

Under rule 18 of this court there must be a showing of probable error. It is not sufficient for counsel merely to state that he has a meritorious appeal. The grounds of error must be set forth, with sufficient facts, verified by affidavit, to show how the question arose in the court, and its purtenance to the issues involved.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 612, n. 44, 45.

APPEAL from chancery court of Prentiss county.
HON. ALLEN COX, Chancellor.

Suit by J. M. Franks against the Franklin Fire Insurance Company. From an adverse decree, the complainant appeals. On motion to reinstate the cause after dismissal. Motion overruled.

See, also, 145 Miss. 494, 111 So. 135.

*J. A. Cunningham,* for appellant.

*E. C. Sharp* and *R. L. McLaurin,* for appellee.

ETHRIDGE, P. J. This cause was dismissed on a former day for failure to comply with the rules in filing assignments of error and briefs in a case. Motion is now filed to reinstate the cause in which various reasons are set up. But the only showing of merit in the motion made is the bare statement:

"He has a meritorious appeal, and the municipality is largely interested in the trying out of the issues involved in the appeal."

Rule 18 of the court, 104 Miss. 907, provides that: "No cause that has been dismissed shall be reinstated without

an affidavit setting forth probable error in the proceedings.''

When a cause has been dismissed, the appellant in moving to reinstate the cause should state the grounds of error relied upon for reversal, and sufficient facts, verified by affidavit, to show how the matter arose. It is insufficient merely to state that ''he has a meritorious case,'' as that is nothing more than the bare conclusion of the pleader. Before a cause is reinstated after having been dismissed, the court should be informed specifically and definitely as to what it will be called upon to decide should the appeal be reinstated; and if, in view of this statement, the court should be of opinion that the alleged errors are of sufficient importance to be argued and considered by the court, it will reinstate the cause. But if, after a consideration of the alleged errors and the facts bearing on them or the showing how they arose, the court is convinced that the appeal would be fruitless and that it is improbable that it would be reversed, the case will not be reinstated.

It is the duty of the attorneys in presenting these motions to inform the court sufficiently of the nature and character of the appeal to let the court judge whether or not there is probable error.

*Motion overruled.*